870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosemary SCHROEDER, Plaintiff-Appellant,
v.
WOODHAVEN SCHOOL DISTRICT, Board of Education of Woodhaven
School District, Karen Ogden, Joseph Katz, Gilbert
Paczewicz, Philip Rye, Timothy Bringard,
and Roy M. Bassett,
Defendants-Appellees.
 No. 88-1617.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1989.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. POTTER,* District Judge.
 PER CURIAM.
 
 
 1
 Rosemary Schroeder appeals from the district court's order awarding attorney fees to her in this Sec. 1983 action. We vacate the district court's fee award and remand for the district court to make findings of fact and conclusions of law to support its fee award.
 
 
 2
 On November 18, 1985, Schroeder filed an action under Sec. 1983 seeking recovery for damages sustained as a result of her suspension, transfer and reprimand by Woodhaven School District and by individual members of the Woodhaven Board of Education. Following a jury trial in April 1987, Schroeder was awarded $200,000.00 in damages. The defendants filed a motion for a new trial or, in the alternative, remittitur. In July 1987, the district court denied the motion for a new trial but granted the remittitur, finding that the amount of the jury verdict shocked the judicial conscience and was not supported by the evidence. The district court entered an Order of Remittitur, reducing the verdict to $90,000.00, and ordering a new trial for all defendants if Schroeder did not accept the remittitur within 30 days. Schroeder did not accept or reject the remittitur within the 30-day time period, and a new trial was consequently scheduled. Prior to the scheduled second trial, the district court extended the time for acceptance of the remittitur. Schroeder accepted the remittitur on October 15, 1987, and judgment in the amount of $90,000.00 was entered on October 20.
 
 
 3
 Schroeder then sought an order for costs and attorney fees (amounting to approximately $100,000.00) and also requested an award of pre- and post-judgment interest. In May 1988, the district court issued its order granting, in part, Schroeder's motion for costs and attorney fees. The district court awarded Schroeder costs and post-judgment interest but denied her claim of pre-judgment interest. The district court also awarded attorney fees in the amount of $35,000.00; the court refused to award the entire amount claimed because the figures presented were "clearly excessive." The court specifically found that determining a "lodestar" figure was impossible in this case because Schroeder charged a substantial number of hours, not all of which were described on the billing printouts presented. In addition, the district court reduced the award of attorney fees and costs by an amount equal to the expenses incurred by the defendants in preparing for the scheduled re-trial of the case. The district court reasoned that such a reduction was fair, as the defendants had incurred these expenses because of Schroeder's failure to accept the remittitur within the specified time. Schroeder was finally awarded $2,660.75 in costs and $31,355.00 in attorney fees.
 
 
 4
 The standard for determining legal fees for prevailing parties in civil rights cases was originally articulated by this circuit in Northcross v. Board of Education, 611 F.2d 624 (6th Cir.1979). Northcross was followed by the Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424 (1983) and was further interpreted by this court in Coulter v. Tennessee, 805 F.2d 146 (6th Cir.1986). See also, Blanchard v. Bergeron, --- U.S. ----, (1989), 57 U.S.Law Week 4191 (February 21, 1989):
 
 
 5
 To the contrary, in Hensley and in subsequent cases, we have adopted the lodestar approach as the centerpiece of attorney's fee awards. The Johnson factors may be relevant in adjusting the lodestar amount but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation.
 
 
 6
 In this case we recognize the unusual circumstances in the jury verdict being reduced by remittitur and the frustration experienced by the district court in attempting to determine a proper fee award. However, considering the clearly-defined steps outlined in Northcross, Hensley, and Coulter, we must require that the procedure and methodology used in determining the fee amount in a case of this nature must comply with these decisions. In addition, we believe that the district court abused its discretion by reducing Schroeder's fee award by the exact amount the defense counsel claimed he incurred in preparing for the anticipated re-trial of the case. We do not, however, find that the district court erred by declining to award attorney fees to Schroeder for the travel time of her counsel because determining the amount of fees to award for travel time is within the district court's discretion.
 
 
 7
 The judgment of the district court is accordingly vacated and the case is remanded for compliance with this opinion.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation